# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50358
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

LUIS ALBERTO RAMIREZ-MIRANDA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-498 -1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Luis Alberto Ramirez-Miranda ("Ramirez") appeals his sentence of seventy months following a conviction on a guilty plea to illegal reentry under 8 U.S.C. § 1326.

Ramirez's sole argument is that the district court improperly calculated his guidelines range when it concluded that his prior conviction for violation of an Arizona burglary statute (Ariz. Rev. Stat. Ann. §13-1507) was a crime of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violence.  The Government contends that we need not reach this issue because any error is harmless.  *See United States v. Valdez*, 726 F.3d 684, 697 (5th Cir. 2013)(evaluating harmlessness by looking at whether the district court would have imposed the same sentence for the same reasons); *United States v. Richardson*, 676 F.3d 491, 511-12 (5th Cir. 2012).  We agree.

The district court engaged in a lengthy colloquy with counsel regarding Ramirez's extensive prior (mostly uncounted) criminal convictions and his history of prior deportations followed by unlawful reentry.  It was aware of the two potential guidelines ranges (with or without the enhancement).  It considered Ramirez's particular characteristics in light of his allocution, the parties' arguments, and the information presented before engaging in a lengthy analysis of the reasons that the particular sentence was appropriate "with or without the guidelines," including:  "you've had a lot of chances" (several deportations without convictions);  and, despite the fact that most of his convictions came when Ramirez was "a younger man," "you still have those criminal convictions and a lot of them didn't count."  It noted that "you're not willing to abide by [the law regarding illegal reentry]." It then reiterated: "that's why I think a sentence within this range is appropriate, with or without the guidelines."  Considering the totality of the record, we conclude that the same sentence would have been imposed even without the enhancement.

AFFIRMED.